NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

James Lee Price,

    Petitioner,

v.

Charles L. Ryan, *et al.*,

    Respondents.

No. CV-14-08219-PCT-JJT

**ORDER**

At issue is the Report and Recommendation ("R&R") (Doc. 27) submitted by United States Magistrate Judge James F. Metcalf recommending that the Court dismiss the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254 (Doc. 1), to which Petitioner James Lee Price, Jr. has filed an Objection (Doc. 28) and Respondents Charles L. Ryan and the Attorney General of the State of Arizona have filed a Response thereto (Doc. 29).

In the 56-page R&R, Judge Metcalf thoroughly and exhaustively analyzed and addressed the four grounds for relief raised in the Petition, and provided ample support for his recommendation that this Court dismiss it. Because the Court will adopt the R&R in its entirety, including Judge Metcalf's underlying reasoning, it will not repeat in detail the reasoning for the recommendation.

The R&R recommends that this Court dismiss with prejudice Grounds One (admission of other act evidence at trial) and Four (ineffective assistance of counsel in advising Petitioner regarding plea offers) of the Petition because both of those grounds are procedurally defaulted and Petitioner has failed to show cause or prejudice justifying

an exception to that bar. While Judge Metcalf found that Petitioner's Ground Two (Brady violation) and Ground Three (ineffective assistance of trial counsel re: discovery of witness impeachment evidence) were exhausted at the state court level and therefore were not procedurally barred, he recommended that this Court deny both grounds as lacking in merit.

What Petitioner filed as an Objection to the R&R (Doc. 28) did not constitute objections. For the most part, he simply stated that he objected to Magistrate Judge Metcalf's recommendations, without stating any reason why. *See, e.g.,* Objection at p. 2. Where Petitioner did purport to offer a reason for his objections, he simply stated, "see Supplemental Reply (Doc. 26)," a document Petitioner filed prior to the R&R and which Judge Metcalf had already considered when he drafted the R&R. The Objection identifies no error in the R&R's analysis and is of no help.

Where a Petitioner fails to object to an R&R, the Court is free to accept the R&R without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Judge Metcalf so warned Petitioner in the R&R. (Doc. 27 at pp. 55-56). Where, as here, Petitioner's objections point to not a single flaw in the R&R's analysis, they have the same effect as would a complete failure to object. *Warling v. Ryan*, 2013 WL 5276367 at *2 (D. Ariz. Sept. 19, 2013). Though pursuant to the above law the Court is free to accept the R&R without more, it has nonetheless conducted a review of the Petition in this matter (Doc. 1), Respondents' Response thereto (Doc. 9) and Supplemental Answer (Doc. 25), Petitioner's Reply (Doc. 10) and Supplemental Reply (Doc. 26), with all exhibits, and the R&R (Doc. 27). Upon that review, the Court concludes that Judge Metcalf's recommendations are well taken and correctly apply the law throughout. The Court adopts the reasoning in the R&R in whole.

The R&R was thorough, exhaustive and even-handed, demonstrating in many places where Respondents' arguments were legally incorrect or their proffered evidence did not support the legal conclusions they urged. For example, in analyzing Ground Two of Petitioner's claim for habeas relief on the merits, Judge Metcalf concluded, over

Respondents' argument, that the state prosecutor suppressed information at trial that indeed impeached one of the investigating officers who was a witness at trial by showing he possessed or may possess a bias for being willing to break rules to obtain convictions. But Judge Metcalf also concluded that the Arizona Court of Appeals did not make an unreasonable determination when it found that no *Brady* violation had occurred because Petitioner could not show on the facts that suppression of the impeaching information caused prejudice. This conclusion was correct. The record before the Arizona Court of Appeals was replete, as it is before this Court on *habeas* review, with evidence that was completely independent of the potentially impeachable officer, and from which the jury could and did find Petitioner guilty. This included multiple items of drug trafficking indicia--methamphetamine, a scale, packaging material, and pay-owe ledgers including names and drug and dollar amounts seized as evidence, as well as Petitioner's recorded admission of guilt. The remainder of the R&R was consistently thorough and demonstrated consideration of all relevant law and components of the record on review.

Because the Court will dismiss with prejudice Ground Four as procedurally barred without cause to excuse the default, it need not consider Judge Metcalf's recommendation that Ground Four be denied on the merits, for lack of merit. However, were a ruling required on that issue, the Court would also conclude that Judge Metcalf's analysis of Ground Four on the merits was correct, as Petitioner failed to demonstrate ineffective assistance of counsel regarding the plea offer.

For the reasons set forth in the R&R,

**IT IS ORDERED:**

    1)    adopting in whole the Report and Recommendation submitted by Judge Metcalf in this matter (Doc. 27);

    2)    dismissing with prejudice Grounds One and Four of the Petition;

    3)    denying Grounds Two and Three of the Petition for lack of merit;

    2)    denying the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254 (Doc. 1) and dismissing the matter; and

   3) denying a certificate of appealability and leave to proceed *in forma pauperis* on appeal, because the Court finds that dismissal of the Petition is justified by a plain procedural bar, and reasonable jurists would not find the ruling debatable.

  Dated this 28th day of January, 2016.

_____
Honorable John J. Tuchi
United States District Judge